### STELLA M. TOOTHAKER *vs.* CHARLES B. CONANT.

### Franklin.    Opinion April 20, 1898.

*Slander. Privileged Communications. Honest Belief.*

To justify the speaking of slanderous words on the plea of privileged communication it must appear not only that the defendant believed he was speaking the truth, but that there were reasonable grounds which induced such belief.

ON EXCEPTIONS BY DEFENDANT.

The plaintiff having recovered a verdict against the defendant in an action of slander, the defendant took the exceptions which will be found in full below in the opinion of the court.

*H. L. Whitcomb*, for plaintiff.

*B. Emery Pratt*, for defendant.

Where in an action for defamation the defense is that of privileged communication, the question for the jury is not whether the

language used was true, or whether the defendant had reasonable grounds to believe it to be true, but whether he honestly believed it to be true, and used it without malice in the reasonable protection of his own interests.   *Chaffin* v. *Lynch,* (Va.) 6 S. E. Rep. 474; *Swan.* v. *Tappan,* 5 Cush. 104, 110; *Gassett* v. *Gilbert,* 6 Gray, 94, 97; *Bradley* v. *Heath,* 12 Pick. 163, 164; *Sheckell* v. *Jackson,* 10 Cush. 25, 26.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, JJ.

PETERS, C. J.   The exceptions, in this action of slander, ever so brief, are as follows: "The defendant claimed the words used were privileged, and requested the presiding justice to instruct the jury that the question for them to decide was not whether the language used was true, nor whether the defendant had reasonable ground to believe it to be true, but whether he honestly believed it to be true.   This the justice refused to do and instructed the jury that he must have reasonable and probable grounds for his belief or his belief would be no defense.   The verdict was for the plaintiff. To which refusal the defendant excepts."

There is nothing to inform us what the alleged slanderous words were, nor what the circumstances were under which the words were spoken.   While the phrase "honest belief" may be found in legal opinions which undertake to define privileged communications, the phrase without addition or qualification is not adequate and sufficient as a definition of the law of justification for what would otherwise be regarded as slanderous words.   A man may inflict an injury upon another without intending any injury, and still be liable for his unjustifiable act.   Malice in the popular sense need not appear in order to sustain an action for slander.   Even accidental injuries are actionable unless the person causing the injury be free from all fault.   Carelessness which causes an injury is generally a sufficient foundation for an action.   But a person may through carelessness or negligence commit a wrongful act, and honestly think or believe he is doing no wrong.   And the defend-

ant here, in order to clear himself from the imputation of careless-
ness, should show not only that he was acting in an honest belief
that the story communicated by him was true, but that there were
reasonable grounds to induce such belief. Otherwise, an injury
might be wrongfully inflicted upon an innocent person and he have
no remedy or redress for it. *Bearce* v. *Bass,* 88 Maine, 543, is
cited by the defense where the learned justice adopted in his opin-
ion the phrase "honest belief," but he added thereto the words,
"such belief being founded on reasonable and probable grounds."

*Exceptions overruled.*